JAMES GAVIN, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF JOHN GAVIN, DECEASED, PLAINTIFF-APPELLANT, v. THOMAS O'CONNOR, DEFENDANT-RESPONDENT.

Decided February 20, 1923.

**Negligence—Injury to Tenant Admitted—Nonsuit Error.**

For the plaintiff, *Lazarus & Brenner.*

For the defendant, *Sanborn & Sharkey.*

PER CURIAM.

John Gavin, a lad about seven years of age, was killed by the falling of a clothes pole in the back yard of a two-family house occupied by his father and family and one Kerwin. The pole was used by the Gavin family as well as the Kerwin family.

When James Gavin, the lad's father, rented the apartment he noticed that the pole had a cleat upon it and afterwards he noticed that it was decayed and worm eaten. After the death of his son he and a police officer found it in a very bad condition so that they could kick the rotten part away with their shoes.

The complaint in the case avers that at the time of the accident one of the apartments was occupied by the plaintiff and the members of his family, including his son, John Gavin, and he thereby became and was entitled to all the rights and privileges of a tenant of the said defendant and this is admitted by the answer.

The learned trial judge directed a judgment of nonsuit against the plaintiff and an exception was duly taken and the nonsuit is assigned as a ground of appeal. We think the trial judge was in error. The case is within the rule of *Siggins* v. *McGill,* 72 *N. J. L.* 263, which has been followed in *Perry* v. *Levy,* 87 *Id.* 670; *Charney* v. *Cohen,* 94 *Id.* 381.

Let the judgment be reversed and the record remitted for a new trial.